**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ | |
| ARTHUR JONES, JR., | ) Case No. 2:11-cv-05596-SDW-MCA |
| DONALD MCCABE, and | ) |
| ROBERT HOFFMIRE. | ) **SECOND AMENDED CLASS ACTION** |
| | ) **COMPLAINT** |
| Plaintiffs, | ) |
| | ) Jury Trial Demanded |
| vs. | ) |
| | ) |
| PRESSLER & PRESSLER, LLP, | ) |
| NEW CENTURY FINANCIAL SERVICES, | ) |
| INC., | ) |
| MSW CAPITAL, LLC, | ) |
| ENCORE CAPITAL GROUP, INC., | ) |
| MIDLAND FUNDING, LLC, and | ) |
| JOHN DOE CORPORATIONS 1-50. | ) |
| | ) |
| Defendants._____ | ) |

## SECOND AMENDED CLASS ACTION COMPLAINT

### NATURE OF ACTION

1.　　This is class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where acts and transactions giving rise to Plaintiffs' action occurred in this State and this District, where Plaintiffs at all relevant times resided in this State and this District, and where Defendants transact business in this State and this District.

## PARTIES

4.     Plaintiff Arthur Jones, Jr. ("Jones") is a natural person who at all relevant times resided in the State of New Jersey, County of Camden.

5.     Plaintiff Donald McCabe ("McCabe") is a natural person who at all relevant times resided in the State of New Jersey, County of Somerset.

6.     Plaintiff Robert Hoffmire ("Hoffmire") is a natural person who at all relevant times resided in the State of New Jersey, County of Essex.

7.     Defendant Pressler & Pressler, LLP., ("Pressler"), is a limited liability partnership with a principal place of business in New Jersey.

8.     Pressler is a limited liability partnership which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff(s), as defined by 15 U.S.C. § 1692a(5).

9.     Pressler uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10.     Pressler is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11.     Defendant New Century Financial Services, Inc., ("New Century"), is a corporation with a principal place of business in New Jersey.

12.     New Century is a corporation which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff(s), as defined by 15 U.S.C. § 1692a(5).

13.     New Century uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due

another.

14.     New Century is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15.     Defendant MSW Capital, LLC, ("MSW"), is a corporation with a principal place of business in New Jersey.

16.     MSW is a corporation which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff(s), as defined by 15 U.S.C. § 1692a(5).

17.     MSW uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18.     MSW is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19.     Encore Capital Group, Inc. ("Encore") is a publicly traded Delaware corporation with principal executive offices situated at 8875 Aero Drive, Suite 200, San Diego, California. Encore's common-stock is registered pursuant to Section 12(b) of the Securities and Exchange Act of 1934 and is listed on the NASDAQ Global Select Market under the symbol "ECPG."

20.     Encore is engaged in the business of purchasing and collecting delinquent debts originally owed to third parties.

21.     Encore, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22.     Encore is "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.     Defendant Midland Funding, LLC ("Midland Funding") is a Delaware corporation, with its principal place of business in San Diego, California. Midland Funding is a wholly owned subsidiary, and is under of the common control and ownership, of Encore.

24.     Midland Funding is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties.

25.     Midland Funding, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

26.     Midland Funding is "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     John Doe Corporations 1-50 are entities who receive an assignment or transfer of a consumer debt in default solely for the purpose of facilitating collection of such debt for another.

28.     John Doe Corporations 1-50 are entities who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff(s), as defined by 15 U.S.C. § 1692a(5).

29.     John Doe Corporations 1-50 use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

30.     John Doe Corporations 1-50 are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

31.     John Doe Corporations 1-50 placed a consumer account with Pressler for collection.

## FACTUAL ALLEGATIONS

32.     Jones is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Pressler and New Century; namely Metris.

33.     Jones' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and New Century arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes; namely, a Metris consumer credit card account:  XXXX XXXX XXXX 3406.

34.     Pressler and New Century each use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

35.     New Century is a full service financial firm headquartered in Whippany, New Jersey which has been purchasing and trading all types of debt including delinquent and charged off credit card accounts, loans, auto deficiencies and telecom accounts since 1996.

36.     New Century advertises its services using the Internet website www.buythedebt.com.

37.     Pressler specializes in retail collections.

38.     With over 300 employees and 19 attorneys, Pressler provides a total retail collection environment including skip-tracing and asset location.

39.     Pressler maintains a state-of-the-art network infrastructure utilizing software and components from Cisco, Dell, HP, EMC and Microsoft.

40.     Pressler's proprietary collections software system is supported and developed in-house and provides its staff with real-time data.  It has a fully automated diary and tickle protocol which facilitates timely follow-up and ease of data retrieval.

41.     Pressler's advanced database architecture provides immediate access to over 1.5 million accounts, and all of their related documentation.  (Exhibit "A").

42.   New Century purchased Jones' Metris account.

43.   New Century placed Jones' Metris account with Pressler for collection.

44.   On or about September 29, 2010, Pressler, itself and on behalf of New Century printed and mailed, or caused to be printed and mailed, a letter to Jones in an effort to collect from Jones an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and New Century.

45.   A true and correct copy of the September 29, 2010 letter sent by Pressler to Jones is attached hereto as Exhibit "B".

46.   The September 29, 2010 letter is printed on the letterhead of "**PRESSLER AND PRESSLER, L.L.P.**, "COUNSELORS AT LAW." (Original capitalization and emphasis).

47.   The letter states:

> ARTHUR N JONES JR                              9/29/10
> 1518 KAIGHNS AVE                      P&P FILE J88520
> CAMDEN, NJ 081033605      Amount of Debt $3,334.75
>
> Dear ARTHUR N JONES JR
>
> This is to notify you that your account with METRIS, account # [XXXXXXXXXXX]3406 has been purchased by NEW CENTURY FINANCIAL SERVICES, INC. and has been placed with the firm of Pressler and Pressler, LLP for collection.
>
> We shall afford you this opportunity to pay this debt immediately and avoid further action against you.  Make your check or money order payable to Pressler and Pressler, LLP and include your File Number J88520 and remit to:
>
> Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020
>
> Payment can be made on the website www.paypressler.com.  We also accept Visa/Mastercard and American Express.  If you choose this payment option return this letter along with:
> Name as it appears on Credit Card _____/Street # & Zip_____ Expires_____/_____ Credit Card # _____/ Security Code _____ Amount $ _____ Signature _____

Should you have any questions, please feel free to contact me at 1-888-312-8600 Ext 5359 or anyone in my department at extension 5105.

Thank You, GLENN K – Paralegal Ext 5359

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Exhibit "B").

48.     McCabe is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Pressler and New Century; namely First Equity Card Corporation.

49.     McCabe's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and New Century arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes; namely, a First Equity Card Corporation consumer credit card account:  XXXX XXXX XXXX 6019.

50.     New Century purchased McCabe's First Equity Card Corporation account.

51.     New Century placed McCabe's First Equity Card Corporation account with Pressler for collection.

52.     On or about April 14, 2011, Pressler, itself and on behalf of New Century, printed and mailed, or caused to be printed and mailed, a letter to McCabe in an effort to collect from McCabe an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and New Century.

53.     A true and correct copy of the April 14, 2011 letter sent by Pressler to McCabe is attached hereto as Exhibit "C".

54.     The April 14, 2011 letter is printed on the letterhead of "**PRESSLER AND PRESSLER, L.L.P.**, "COUNSELORS AT LAW." (Original capitalization and emphasis).

55.     The letter states:

> DONALD K MCCABE                                              4/14/11
> 347 LYONS RD                                      P&P FILE M271141
> BASKING RIDGE, NJ 07920         Amount of the Debt $5,937.62
>
> Dear DONALD K MCCABE
>
> This is to notify you that your account with FIRST EQUITY CARD CORPORATION, account # [XXXXXXXXXXXX]3406 formerly [XXXXXXXXXXXX]4358 has been purchased by NEW CENTURY FINANCIAL SERVICES, INC. and has been placed with the firm of Pressler and Pressler, LLP for collection.
>
> We shall afford you this opportunity to pay this debt immediately and avoid further action against you.  Make your check or money order payable to Pressler and Pressler, LLP and include your File Number M271141 and remit to:
>
> Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020
>
> Payment can be made on the website www.paypressler.com.  We also accept Visa/Mastercard and American Express.  If you choose this payment option return this letter along with:
> Name as it appears on Credit Card _____
> Street # & Zip_____ Expires_____/_____

Credit Card # _____/Security Code _____
Amount $ _____
Signature _____

If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Exhibit "C").

56.     McCabe is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Pressler and MSW; namely Chase Bank USA, N.A.

57.     McCabe's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and MSW arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes; namely, a Chase Bank USA, N.A. consumer credit card account:  XXXX XXXX XXXX 2365.

58.     MSW purchased McCabe's Chase Bank USA, N.A. account.

59.     MSW placed McCabe's Chase Bank USA, N.A. account with Pressler for collection.

60.     On or about April 18, 2011, Pressler, itself and on behalf of MSW, printed and mailed, or caused to be printed and mailed, a letter to McCabe in an effort to collect from McCabe an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and MSW.

61.     A true and correct copy of the April 18, 2011 letter sent by Pressler to McCabe is attached hereto as Exhibit "D".

62.     The April 18, 2011 letter is printed on the letterhead of "**PRESSLER AND PRESSLER, L.L.P.**, "COUNSELORS AT LAW." (Original capitalization and emphasis).

63.     The letter states:

DONALD MCCABE                           4/18/11
347 LYONS RD                       P&P FILE M270761
BASKING RIDGE, NJ 079202462  Amount of the Debt $2,120.95

Dear DONALD MCCABE

        This is to notify you that your account with CHASE BANK USA, N.A. – CIRCUIT CITY, account # [XXXXXXXXXXXX]2365 has been purchased by MSW CAPITAL, LLC and has been placed with the firm of Pressler and Pressler, LLP for collection.

        We shall afford you this opportunity to pay this debt immediately and avoid further action against you.  Make your check or money order payable to Pressler and Pressler, LLP and include your File Number M270761 and remit to:

Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com.  We also accept Visa/Mastercard and American Express.  If you choose this payment option return this letter along with:
Name as it appears on Credit Card _____
Street # & Zip_____ Expires_____/_____
Credit Card # _____/Security Code _____

Amount $ _____
Signature _____

      If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us at (888) 312-8600.

      At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

      This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Exhibit "D").

      64.    Hoffmire is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Pressler and Midland Funding; namely Citibank.

      65.    Hoffmire's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and Midland Funding arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes; namely, a Citibank consumer credit card account:  XXXX XXXX XXXX 6139.

      66.    Midland Funding purchased Hoffmire's Citibank account.

67.     Midland Funding placed Hoffmire's Citibank account with Pressler for collection.

68.     On or about October 6, 2011, Pressler, itself and on behalf of Midland Funding, printed and mailed, or caused to be printed and mailed, a letter to Hoffmire in an effort to collect from Hoffmire an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Pressler and Midland Funding.

69.     A true and correct copy of the October 6, 2011 letter sent by Pressler to Hoffmire is attached hereto as Exhibit "E".

70.     The October 6, 2011 letter is printed on the letterhead of "**PRESSLER AND PRESSLER, L.L.P.**, "COUNSELORS AT LAW." (Original capitalization and emphasis).

71.     The letter states:

```
ROBT HOFFMIRE                            4/18/11
18 CHURCH ST                      P&P FILE H160291
BLOOMFIELD, NJ 070033505   Amount of the Debt $1,409.74
```

Dear ROBT HOFFMIRE

    This is to notify you that your account with CITIBANK, account # [XXXXXXXXXXXX]6139 has been purchased by MIDLAND FUNDING LLC and has been placed with the firm of Pressler and Pressler, LLP for collection.

    We shall afford you this opportunity to pay this debt immediately and avoid further action against you. Make your check or money order payable to Pressler and Pressler, LLP and include your File Number H160291 and remit to:

 Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also accept Visa/Mastercard and American Express. If you choose this payment option return this letter along with:
Name as it appears on Credit Card _____
Street # & Zip_____ Expires_____/_____
Credit Card # _____/Security Code _____
Amount $ _____
Signature _____

If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Exhibit "E").

72.     Pressler, itself and on behalf of its debt buyer clients, as a matter of pattern and practice, mails or sends, or cause to mailed or sent, communications to alleged debtors using language substantially similar or materially identical to that utilized in the abovementioned letters.

73.     Pressler uses a standardized form letter which, upon information and belief, was sent, or caused to be sent, over the course of the past year by Pressler, itself and on behalf of its debt buyer clients, to at least 200 New Jersey consumers from whom Pressler and its debt buyer clients attempted to collect a debt.

## CLASS ACTION ALLEGATIONS

74.     Plaintiffs repeat and re-allege each and every allegation contained above.

75.     Plaintiffs bring this action on behalf of themselves and all others similarly

situated.  Specifically, Plaintiffs seek to represent a class of individuals defined as:

> All persons located in New Jersey who, within one year before the date of the original complaint, received a letter from Pressler in connection with an attempt to collect any consumer debt, where the letter was substantially similar or materially identical to the letter delivered to Plaintiffs.

76.     The proposed class may be broken down into the following subclasses:

1)     All persons located in New Jersey who, within one year before the date of the original complaint, received a letter from Pressler in connection with an attempt to collect any consumer debt purchased by New Century, where the letter was substantially similar or materially identical to the letter delivered to Plaintiffs.

2)     All persons located in New Jersey who, within one year before the date of this complaint, received a letter from Pressler in connection with an attempt to collect any consumer debt purchased by MSW, where the letter was substantially similar or materially identical to the letter delivered to Plaintiff.

3)     All persons located in New Jersey who, within one year before the date of this complaint, received a letter from Pressler in connection with an attempt to collect any consumer debt purchased by Midland Funding, where the letter was substantially similar or materially identical to the letter delivered to Plaintiff.

4)     All persons located in New Jersey who, within one year before the date of this complaint, received a letter from Pressler in connection with an attempt to collect any consumer debt purchased by John Doe Corporation, where the letter was substantially similar or materially identical to the letter delivered to Plaintiff.

77.     The identities of each and every John Doe Corporation can be ascertained by review of the business records of Pressler.

78.     The proposed class and subclasses specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

79.     The class, and each subclass, is averred to be so numerous that joinder of members is impracticable.

80.     The exact number of class and subclass members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery.

81.     The class, and each subclass, is ascertainable in that the names and addresses of all class and subclass members can be identified in business records maintained by Pressler and/or its debt buyer clients.

82.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class or subclass members.  Such issues include, but are not limited to: (a) The existence of Pressler and its debt buyer clients' identical conduct particular to the matters at issue; (b) Pressler and its debt buyer clients' violations of 15 U.S.C. § 1692 *et. seq*.; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

83.     The claims of Plaintiffs are typical of those of the class and subclass(es) they seek to represent.

84.     The claims of Plaintiffs and of the class, and of each subclass, originate from the same conduct, practice, and procedure, on the part of Pressler and its debt buyer clients.  Thus, if brought and prosecuted individually, the claims of each class and subclass member would require proof of the same material and substantive facts.

85.     Plaintiffs possess the same interests and have suffered the same injuries as each class and subclass member.  Plaintiffs assert identical claims and seek identical relief on behalf of the unnamed class and subclass members.

86.     Plaintiffs will fairly and adequately protect the interests of the class and

subclass(es) and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class or subclass(es).

87.     Plaintiffs are willing and prepared to serve this Court and proposed class and subclass(es).

88.     The interests of Plaintiffs are co-extensive with and not antagonistic to those of the absent class and subclass members.

89.     Plaintiffs have retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiffs and all absent class and subclass members.

90.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

91.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

92.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Pressler and its debt buyer clients have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

93.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the

questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

94.      A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

95.      The reasons stated above are applicable to each and every subclass, and class certification is appropriate for each subclass pursuant to Fed. R. Civ. P. 23(c)(5).

**COUNT I: VIOLATION OF 15 U.S.C. § 1692e(3)**

96.      Plaintiffs repeat and re-allege each and every allegation contained above.

97.      15 U.S.C. § 1692e(3) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *        *        *
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

15 U.S.C. § 1692e(3).

98.      Communications from a debt collector are interpreted from the perspective of the "least sophisticated debtor."  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

99.     The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* (quoting *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)).

100.     The basic purpose of the least sophisticated debtor standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* (quoting *United States v. National Financial Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

101.     "A consumer is reasonably expected to believe that a law firm is comprised of attorneys and that it does legal work. In the context of a consumer debt, a reasonable perception of consumers is that if a consumer debt is being handled on behalf of the lender by a law firm and if the amount of money that the law firm is seeking (or some lesser settlement amount) is not paid, then the lawyer(s) will use the legal process with which they are familiar and for the use of which they are specifically trained to obtain a mandatory order of payment, which order will be enforceable by penalties within the power of courts to impose. The implication that a communication to a consumer concerning a debt is from an attorney has a particular and well-known and well-understood effect. That is explicitly recognized in and incorporated into § 1692e." *Lesher v. Law Office of Mitchell N. Kay, P.C.*, 724 F. Supp. 2d 503, 509 (M.D. Pa. 2010), *affirmed and quoted by Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 1002, n. 9 (3d Cir. 2011).

102.     In this case, Pressler's form letter is sent on law firm letterhead and makes repeated reference to Pressler's status as a law firm.

103.     The form letter threatens "further action against" the debtor if the debt is not paid immediately.

104.    The form letter threatens that if the debtor fails to contact Pressler, its "client may consider additional remedies to recover the balance due."

105.    The overall impression the form letter gives the least sophisticated debtor is that of potential legal action.

106.    The statement that "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account," does not mitigate the impression of potential legal action. *Lesher*, 650 F.3d at 1002-03.

107.    Upon receiving Pressler's form letter, the least sophisticated debtor would reasonably believe that an attorney has reviewed his or her file and has determined that he or she is a candidate for legal action. *Id.* at 1003.

108.    Pressler's form letter falsely implies that an attorney, acting as an attorney, is involved in collecting the debt. *Id.*

109.    Pressler's form letter violates 15 U.S.C. § 1692e(3).

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a.  Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b.  Adjudging that Defendants violated 15 U.S.C. § 1692e(3).

    c.  Awarding Plaintiffs, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

    d.  Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

e.   Awarding Plaintiffs, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

f.   Awarding Plaintiffs, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

g.   Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF 15 U.S.C. § 1692e(10)

110.   Plaintiffs repeat and re-allege each and every allegation contained above.

111.   15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *      *      *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

112.   Alternatively, if the Pressler form letter does not give the impression that an attorney is involved in the collection of the debt, then the letter violates 15 U.S.C. § 1692e(10).

113.   By threatening "further action" and "additional remedies," the letter implies that some action or remedies have already been initiated.

114.   These statements, combined with the overall impression the letter presents, would lead the least sophisticated consumer to believe that some legal action or remedy had already been initiated.

115.    If no attorney had personally reviewed the particular circumstances of the debtor's account, it would be impossible, or the unauthorized practice of law, for any, let alone "further," legal action to have occurred.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a.  Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b.  Adjudging that Defendants violated 15 U.S.C. § 1692e(10).

c.  Awarding Plaintiffs, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

d.  Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

e.  Awarding Plaintiffs, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

f.  Awarding Plaintiffs, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

g.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF 15 U.S.C. § 1692g(b)

116.    Plaintiff repeats and re-alleges each and every allegation contained above.

117.    15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

15 U.S.C. § 1692g(b) (emphasis added).

118.    "Section 1692g gives debtors the right to dispute a debt and seek verification of the validity thereof within 30 days of receipt of a debt collection letter." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing 15 U.S.C. § 1692g(b)).

119.    "The Act further mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer." *Id.* (citing 15 U.S.C. § 1692g(b).

120.    "However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever." *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

121.    Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of his right to require verification of the debt. Instead, "the debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate

notice of their rights under the law." *Wilson*, 225 F.3d at 354.  (citing S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702).

122.    "In order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter — the required notice must also be conveyed effectively to the debtor." *Wilson*, 225 F.3d at 354 (*citing Swanson,* 869 F.2d at 1224 (9th Cir.1988); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir .1991)).

123.    The failure to alert consumers of their rights comes about in various ways.  The most obvious is when the notice is omitted.  However, a debt collector may also "overshadow" notice rights.  *Wilson*, *225* F.3d at 354 (3d Cir. 2000); *Johnson v. Revenue Mgmt. Corp*., 169 F.3d 1057 (7th Cir. 1999).

124.    Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the communication would mislead the least sophisticated debtor and encourage him or her to disregard his or her rights. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir.1997); *see also Voris v. Resurgent Capital Services, L.P.*, 494 F. Supp. 2d 1156, 1163 (S.D. Cal. 2007).

125.    Even when an initial communication contains the basic language required by 15 U.S.C. § 1692g, the Court must review the "form and content" of the notice and as well the placement of the notice, its size compared to other content, and, significantly, what dominates the letter, for its "visual effect" and "tone."  *Swanson*, 869 F. 2d at 1225.

126.    To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard.  *Wilson*, 225 F.3d at 354 (3d Cir. 2000).

23

127.   In this case, Pressler's form letter is sent on law firm letterhead and makes repeated reference to Pressler's status as a law firm.

128.   The form letter threatens "further action against" the debtor if the debt is not paid immediately.

129.   The form letter threatens that if the debtor fails to contact Pressler, its "client may consider additional remedies to recover the balance due."

130.   The overall impression the form letter gives the least sophisticated debtor is that of potential legal action.

131.   In this case, when confronted with the form letter, the least sophisticated debtor would understand that only immediate payment would prevent further action against him or her by a law firm, i.e. a lawsuit.

132.   The form letter contains no explanation as to how Pressler's threats of legal action if payment is not immediately received comport with the debtor's right to take thirty days to examine the validity of the debt and consider dispute as provided by section 1692g.

133.   The form letter's threats of immediate action contradict the notice of consumer rights under § 1692g, and the overall tenor, form, and context of the letter would mislead the least sophisticated debtor and encourage him or her to disregard his or her rights.

134.   Because the form letter is sent from a law firm and threatens legal action, it is distinguishable from the letter in *Wilson v. Quadramed Corp.*, which did not threaten a lawsuit and where the defendant debt collector was a lay collection agency.

135.   "An unsophisticated consumer, getting a letter from an attorney, knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the

attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996), *quoted by Lesher*, 650 F.3d at 1000.

136.   In light of the Third Circuit's more recent decision in *Lesher*, the violation asserted in this Count is brought in good faith and for the purpose of extending, modifying, or reversing existing law.

137.   Pressler's form letter violates 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a.   Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b.   Adjudging that Defendants violated 15 U.S.C. § 1692e(3).

   c.   Awarding Plaintiffs, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

   d.   Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

   e.   Awarding Plaintiffs, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

   f.   Awarding Plaintiffs, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

   g.   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

138.    Plaintiffs are entitled to and hereby demand a trial by jury.

Dated:  November 18, 2011.              Respectfully submitted,

WEISBERG & MEYERS, LLC

By: /s/ Dennis R. Kurz
    Dennis R. Kurz
    dkurz@attorneysforconsumers.com
    Weisberg & Meyers, LLC
    5025 N. Central Ave., #602
    Phoenix, AZ 85012
    Telephone:     (888) 595-9111
    Facsimile:     (866) 842-3303

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2011, I filed the foregoing using CM/ECF, which will send notification of such filing to the following:

Mitchell L Williamson
Pressler & Pressler, LLP
7 Entin Road
Parsippany, NJ 07054
mwilliamson@pressler-pressler.com

Additional parties will be served in accordance with the federal rules.

/s/ Dennis R. Kurz
Dennis R. Kurz